J. B. NEGROTTO, Respondent, v. THE CITY OF MONETT, Appellant.

St. Louis Court of Appeals, April 19, 1892.

1. **Licensing Theatrical Performances**: STATUTORY LIMITATION OF POWER OF CITIES OF THE FOURTH CLASS. A city of the fourth class has no power to levy a license tax upon a theatrical performance, when held in an opera house within its limits, the prohibition of section 8193 of the Revised Statutes of 1889 being valid.

2. **Statutes**: REPUGNANCY. Repugnant statutes are such as cannot stand together; and *held,* accordingly, that two statutory provisions under consideration in this cause were not repugnant, since one was in the nature of a general provision, and the other served as a limitation or exception thereto.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*H. C. Pepper, A. V. Darroch* and *H. Ward Hicks,* for appellant.

*W. Cloud,* for respondent.

ROMBAUER, P. J.—The trial court rendered a judgment for the plaintiff for $7.50 on the following agreed statement of facts, which was filed in the case in said court upon its appeal from a justice:

" It is agreed and stipulated in the above-entitled cause that the facts are as follows: That the defendant was, on the —— day of ——, 1888, incorporated under the general laws of the state of Missouri as a city of the fourth class, and it has ever since been and is now organized and operated as a city of the fourth class, and is and always has been less than five thousand inhabitants.

"That defendant has now, and has for more than two years last past, a valid ordinance, which provided for the licensing and regulating shows and theatrical exhibitions, and fixing a license fee of $1.50 for each exhibition given by any show or theatrical performance in said city; that said ordinance declared it to be a misdemeanor for any person or persons to show or give theatrical exhibitions within the limits of said city without first procuring a license and paying the said fee or tax for the same, and ordinance fixed a penalty for any such violations; that the plaintiff, on the fourth, fifth, sixth, seventh, eighth and ninth nights of May, 1891, gave theatrical exhibitions or performances in an opera house within the limits of said city; that the marshal of said city demanded of plaintiff, as a license fee or tax, the sum of $7.50, being the amount required for five exhibitions or performances; that plaintiff first refused to pay anything for said exhibitions or performances. The marshal then threatened to arrest plaintiff for giving said exhibitions or performances in violation of said ordinance, as aforesaid, unless plaintiff pay the same. The plaintiff then paid to the said marshal the sum of $7.50 under protest, and in order to prevent the arrest so threatened, for the use and benefit of said city, and that said sum went into the city treasury; that plaintiff brought the above-entitled action to recover the said $7.50 of said city."

The defendant, appealing, assigns for error that

.the judgment is erroneous, because cities of the fourth. class have power, under the provisions of section 1589 of the Revised Statutes of 1889, to provide by ordinance for licensing theatrical exhibitions, which power is in no way abridged by section 8193 of the same statutes, because the latter section was inserted by the revisers without any authority of law, and is repugnant to the provisions of the .first, and because, in so doing, the revisers exceeded their power, and acted in disregard of section 6607 of the same statutes.

The various provisions of the statutes, which are thus brought up for review, are as follows:

"Sec. 1589.    The mayor and board of aldermen (of cities of the fourth class) shall have power, by ordinance, * * * to provide for licensing and regu- lating * * * theatrical and other amusements * * * to the distance of one mile from the corporate limits of the city."

"Sec. 8193.    No license or other tax shall be levied or collected by any county, village or city of the third or fourth class, or in cities under special charters, and having less than five thousand inhabitants, upon any theatrical or minstrel performance, when held in an opera house in any village or city of the third or fourth class, or in cities under special charters, and having less than five thousand inhabitants in this state."

"Sec. 6607.    All acts or parts of acts of a general nature in force at the commencement of the present. session of the general assembly, and not repealed, shall be, and the same are hereby, continued in full force and. effect, unless the same be repugnant to the acts passed. and revised at the present session."

The defendant contends that section 8193 is repug- nant to the provisions of section 1589.    That section 1589 was revised at the session of 1889, and section 8193 was not, and, hence, the latter is necessarily repealed.

by implication by the revision of the former. The vice of this agreement is twofold. First, it nowhere appears that either of the sections was or was not revised in 1889; on the contrary it would seem by a note of the revisers, attached to section 8194, that the revisers, finding both sections upon the statute books, enacted in 1879 and 1885, respectively, incorporated both into the revision of 1889, just as they found them. Next, there is no repugnancy whatever between the two sections. Repugnant provisions are such as cannot stand together. These two sections, however, can very well stand together, as section 8193 is a mere limitation, and not an abrogation of powers granted in section 1589. If section 1589 were made to read: "The mayor and board of aldermen shall have power by ordinance to provide for licensing and regulating theatrical and other amusements to the distance of one mile from the corporate limits of the city, *provided* that they are prohibited from levying any license or other tax on such amusements when held within an opera house within such city," could anyone claim that the proviso would be repugnant to the grant? The power to license such performances when held outside of an opera house still remains, as well as the power to regulate them wherever held.

It necessarily results from the foregoing that the judgment of the circuit court on the agreed facts was the right conclusion of law, and must be affirmed. It is so ordered. All the judges concur.